UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MIGUEL GONZALES )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HOME NURSERY, INC. & )<br>ANN TOSOVSKY, )<br>)<br>Defendants. ) | Case No. 3:14-cv-01140-MJR-DGW<br><br>**JURY TRIAL DEMANDED** |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Miguel Gonzales, individually and on behalf of all others similarly situated, for his Complaint against Defendants Home Nursery, Inc. and Ann Tosovsky alleges as follows:

### Nature of Case

1.  Defendants employ hourly-paid workers to work in their shipping/receiving department at their Albers, Illinois plant nursery (hereinafter collectively "the hourly-paid shipping/receiving workers"), which is located within the Southern District of Illinois. Since about January 2012, Defendants have maintained a policy and practice of denying overtime wages to the hourly-paid shipping/receiving workers by misclassifying them as "exempt" from overtime wage laws. As such, Defendants received substantial unpaid labor from their employees. Plaintiff seeks to recover unpaid wages and overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* and the Illinois Minimum Wage Law ("ILML"), 820 ILCS § 105/1 *et seq.*

### Jurisdiction and Venue

2.  The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over the FLSA claims of

1

Plaintiff and other similarly situated employees is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

3. The IMWL authorizes court actions by private parties to recover damages for violation of the IMWL's wage and hour provisions. 820 ILCS § 105/12(a). Jurisdiction over the IMWL claims of Plaintiff and other similarly situated employees is based on 28 U.S.C. § 1367 (pendent claims) and 820 ILCS § 105/12(a).

4. Venue in this district is proper under 28 U.S.C. § 1391(b) and (c), because Defendants maintain their principal place of business in this district, Defendants conduct business in this district, and substantial unlawful conduct giving rise to the claims occurred in this district.

**Parties**

5. From about 1996 to May 2014, Plaintiff Miguel Gonzales was employed by Defendants at their Albers, Illinois plant nursery. From about 1998 to May 2014, he was employed as an hourly-paid employee in the shipping/receiving department at that nursery. Plaintiff Gonzales' consent to join this action is attached as "Exhibit 1."

6. Plaintiff brings Count I of this lawsuit as a collective action under the FLSA on behalf of himself and all other similarly situated hourly-paid shipping/receiving workers employed by Defendants at their Albers, Illinois plant nursery at any time since January 2012.

7. Plaintiff brings Count II of this lawsuit as a class action under the IMWL, 820 ILCS § 105/1 *et seq.,* 28 U.S.C. § 1367, and Fed. R. Civ. Proc. 23 on behalf of himself and all other similarly situated hourly-paid shipping/receiving workers employed by Defendants at their Albers, Illinois facility at any time since January 2012.

8. Defendant Home Nursery, Inc. is an Illinois corporation which operates a plant nursery in Albers, Illinois, which falls within the Southern District of Illinois.

9. Defendant Ann Tosovsky is individually liable as an "employer" under the broad definitions provided by the FLSA and IMWL because she is an owner/operator of Home Nursery, Inc., she is an officer of Home Nursery, Inc., she has held supervisory authority over Plaintiff and all other similarly situated hourly-paid shipping/receiving workers at the Albers, Illinois facility, she has control over employment practices including but not limited to employee compensation, and she is at least partly responsible for the violations alleged herein.  29 U.S.C. § 203(d); 820 ILCS 105/3(c).

## General Allegations

10. Defendants employ about 14 to 20 hourly-paid shipping/receiving workers at their Albers, Illinois facility at any time, depending on the season.

11. Although Defendants grow plants, they also routinely purchase plants grown by other growers in different parts of the United States such as Florida, Oregon, Washington and other states, then Defendants resell those plants to their customers without performing significant agricultural work on them.

12. It is possible to separate (a) exempt work by hourly-paid shipping/receiving workers concerning plants grown by Defendants from (b) non-exempt work by hourly-paid shipping/receiving workers concerning plants purchased by Defendants for resale.

13. Defendants have not separated such exempt from non-exempt work.

14. Defendants have not separated time worked on exempt tasks from time worked on non-exempt tasks.

15. Defendants have not separated pay for exempt work from pay for non-exempt work.

16. The same hourly-paid shipping/receiving workers often simultaneously handle and ship plants which are both grown by Defendants and purchased by Defendants from other growers for resale.

17. Since most of Defendants' customers buy some plants which are not grown by Defendants, most all of the hourly-paid shipping/receiving workers' handling and shipping tasks entail both plants grown by Defendants and plants purchased by Defendants for resale.

18. Until about January 2012, Defendants classified their hourly-paid shipping/receiving workers as "non-exempt" from the federal and Illinois overtime wage laws, and thus paid those employees for work over 40 hours per week based on an overtime rate of one-and-a-half times their regular hourly rates.

19. Since about January 2012, Defendants have misclassified their hourly-paid shipping/receiving workers as "exempt" from the federal and Illinois overtime wage laws because those workers regularly perform non-exempt work although it is possible to separate the exempt and non-exempt work.

20. Based on such misclassification, Defendants have paid their hourly-paid shipping/receiving workers for work over 40 hours per week based only on their regular hourly rates.

21. The work of an hourly-paid shipping/receiving worker has not materially changed since before January 2012.

22. Since about January 2012, Defendants' hourly-paid shipping/receiving workers have worked more than 40 hours per week during many weeks.

23. Defendants have adhered to the same policies and practices with respect to all of their hourly-paid shipping/receiving workers at the Albers, Illinois facility.

24. The net effect of Defendants' policies and practices, instituted and approved by company managers including the individual Defendants, is that Defendants willfully failed to pay overtime compensation to save payroll costs.

25. Defendants thus enjoy substantial ill-gained profits at the expense of their hourly-paid shipping/receiving workers.

## Collective and Class Action Allegations

26. Plaintiff brings Count I under the FLSA as an "opt-in" collective action under 29 U.S.C. § 216(b) on behalf of all hourly-paid shipping/receiving workers at the Albers, Illinois facility.

27. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendants' records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

28. Plaintiff brings Count II as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself as the class representative of the following persons (the "Class"):

> All current and former hourly-paid shipping/receiving workers employed by Home Nursery, Inc. at its Albers, Illinois plant nursery at any time since January 2012.

29. The IMWL claim, if certified for class-wide treatment, is brought on behalf of all similarly situated persons who do not opt-out of the class.

30. Plaintiff's IMWL claim satisfies the numerosity, commonality, typicality, adequacy and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

31. The class satisfies the numerosity standards as, considering employee turnover, it consists of at least 40 persons who are believed to be geographically dispersed in various locations. As a result, joinder of all Class members in a single action is impracticable.

32. Questions of fact and law common to the Class predominate over any questions affecting only individual members. The questions of law and fact common to the Class arising from Defendants' actions include, without limitation, the following:

>  (i)   Whether Defendants misclassified Class members as "exempt" from the IMWL;
> 
>  (ii)  Whether Defendants failed to pay Class members overtime premium wages as required under the IMWL;
> 
>  (iii) Whether it is possible to separate (a) exempt work by hourly-paid shipping/receiving workers concerning plants grown by Defendants from (b) non-exempt work by hourly-paid shipping/receiving workers concerning plants purchased by Defendants for resale; and
> 
>  (iv)  Whether Class Members are non-exempt from the IMWL because they regularly handle plants grown by others and re-sold by Defendants.

33. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

34. Plaintiff's claims are typical of those of the Class in that Plaintiff and the other Class members have been employed as hourly-paid shipping/receiving workers and the Class members have been subject to the same unlawful practices as Plaintiff.

6

35. Plaintiff is an adequate representative of the Class because he is a member of the Class and his interests do not conflict with the interest of the members of the Class he seeks to represent. The interests of the members of the Class will be fairly and adequately protected by Plaintiff and the undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment, and class action litigation.

36. Maintenance of this action as a class action is a fair and efficient method for adjudicating this controversy. It would be impracticable and undesirable for each member of the Class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

### Count I:  Violation of the Fair Labor Standards Act of 1938 By Failing to Pay Overtime Premiums

37. Plaintiff reasserts and re-alleges the allegations set forth above.

38. At all times material herein, Plaintiff and other similarly situated persons have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq.*

39. The FLSA regulates, among other things, the payment of wages for overtime worked by employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

40. Defendant Home Nursery, Inc. is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

41. During all times relevant, Defendants were "employers" of Plaintiff and all similarly situated workers within the meaning of the FLSA. 29 U.S.C. § 203(d).

42. During all times relevant to this action, Plaintiff and all similarly situated workers were Defendants' "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e).

43. Although Defendants misclassified Plaintiff and all similarly situated workers as "exempt" from the FLSA, none of the FLSA's exemptions apply to Plaintiff or other similarly situated employees. 29 U.S.C. § 213.

44. Because Defendants misclassified Plaintiff and all similarly situated workers as "exempt" from the FLSA, Defendants violated Section 7(a)(1) of the FLSA, 29 U.S.C. § 207(a)(1), by failing to pay them overtime wages for work performed in excess of 40 hours per week.

45. Plaintiff and all similarly situated employees are victims of a uniform compensation policy. Defendants are applying the same unlawful compensation policy to all their hourly-paid shipping/receiving workers at the Albers, Illinois facility.

46. Plaintiff and all similarly situated employees are entitled to damages equal to the FLSA's mandated overtime premium pay for all overtime worked since about January 2012, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard for whether, their conduct was prohibited by the FLSA.

47. Defendants have not acted in good faith or with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages and overtime compensation permitted by 29 U.S.C. § 216(b). Alternatively, should the Court find that Plaintiff and similarly situated

employees are not entitled to recover liquidated damages, then they are entitled to an award of prejudgment interest at the applicable legal rate.

48. As a result of the aforesaid willful violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees. Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, on Count I of this Complaint, Plaintiff and all similarly situated employees demand judgment against Defendants and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed under 29 U.S.C. § 216(b); (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### Count II:  Violation of the Illinois Minimum Wage Law
### By Failing to Pay Overtime Premiums

49. Plaintiff reasserts and re-alleges the allegations set forth above.

50. At all relevant times herein, Plaintiff and the Class have been entitled to the rights, protections, and benefits provided under the IMWL, 820 ILCS § 105/1 *et seq*.

51. The IMWL regulates, among other things, the payment of overtime by employers, subject to limited exemptions not applicable herein. 820 ILCS §§ 105/3(c) & (d); 820 ILCS § 105/4a.

52. During all times relevant to this action, Defendants were the "employers" of Plaintiff and the Class within the meaning of the IMWL. 820 ILCS §§ 105/3(c) & (d).

53. During all times relevant to this action, Plaintiff and the Class were Defendants' "employees" within the meaning of the IMWL. 820 ILCS § 105/3(d).

54. Although Defendants misclassified Plaintiff and all similarly situated workers as "exempt" from the IMWL, none of the IMWL's exemptions apply to Plaintiff or other similarly situated employees. 820 ILCS § 105/3(d).

55. Pursuant to the IMWL, employees are entitled to be compensated for all hours worked and compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a workweek. 820 ILCS § 105/4a(1).

56. Defendants, pursuant to their policy and practice, violated the IMWL by refusing and failing to pay Plaintiff and other similarly situated employees overtime premium wages for overtime work. 820 ILCS § 105/4a(1).

57. Plaintiff and the Class are victims of a uniform and employer-based compensation policy. This uniform policy, in violation of the IMWL, has been applied, and continues to be applied, to all hourly-paid shipping/receiving workers at the Albers, Illinois facility.

58. Plaintiff and all similarly situated employees are entitled to damages equal to all unpaid overtime wages due since about January 2012. 820 ILCS § 105/12(a).

59. Plaintiff and all similarly situated employees are entitled to damages equal to 2% of the amount of any such underpayments for each month following the date of payment during which underpayments remain unpaid. 820 ILCS § 105/12(a).

60. Plaintiff and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

61. Defendants are liable pursuant to 820 ILCS § 105/12(a) for Plaintiff's costs and reasonable attorneys' fees incurred in this action.

WHEREFORE, on Count II of this Complaint, Plaintiff and all similarly situated employees demand judgment against Defendants and pray for: (1) compensatory damages; (2) additional damages equal to 2% per month of the cumulative unpaid wages and overtime compensation due per 820 ILCS § 105/12(a); (3) attorneys' fees and costs as allowed by 820 ILCS § 105/12(a); (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Respectfully submitted,

**WEINHAUS & POTASHNICK**

/s/ Mark A. Potashnick
Mark A. Potashnick (IL Bar # 6271083)
11500 Olive Blvd., Suite 133
St. Louis, Missouri  63141
Telephone:	(314) 997-9150
Facsimile:	(314) 997-9170
Email:	markp@wp-attorneys.com

and

**LIBERMAN, GOLDSTEIN & KARSH**
Eli Karsh, (IL Bar # 6226863)
230 S. Bemiston Ave., Suite 1200
St. Louis, MO 63105
Telephone:	(314) 862-3333, ext. 13
Facsimile:	(314) 862-0605
Email:	elikarsh@aol.com

**ATTORNEYS FOR PLAINTIFF**