IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MIGUEL GONZALES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-1140-MJR-DGW |
| | ) |
| HOME NURSERY INC., and | ) |
| ANN TOSOVSKY, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, Chief District Judge:**

On October 22, 2014, Miguel Gonzales filed a class and collective action complaint against Home Nursery, Inc., and Ann Tosovsky, Home Nursery's owner. The complaint says that Home Nursery and Tosovsky failed to properly classify their workers for some overtime pay, and thus underpaid them in violation of the Fair Labor Standards Act and the Illinois Minimum Wage Law. The case hasn't been certified for class treatment because no motion for class certification has been filed, but it was tentatively certified for collective action treatment under the Fair Labor Standards Act for notice purposes, and a number of Home Nursery's workers have filed consents to opt in to this suit. The parties have since settled, and in light of the fact that this case is partly predicated on the Fair Labor Standards Act, the Court directed the plaintiffs who opted in to the suit to file a joint motion for approval of dismissal, so that the Court can ensure that the settlement is fair and reasonable. *See Wolinsky v. Scholastic, Inc.*, **900 F. Supp. 2d 332, 340 (S.D.N.Y. 2012).** The plaintiffs seem to be working on that motion at

1

this time, but in advance of that submission, both parties have submitted a joint motion to seal, asking the Court to allow them to file their entire approval motion and the exhibits to it in secret.  The motion to seal is now before the Court for review.

Motions to seal are disfavored, for there is a presumption that documents affecting the disposition of litigation should be open to public view.  *E.g., Nixon v. Warner Comm., Inc.*, 435 U.S. 598, 597 (1978); *In re Sprecht*, 622 F.3d 697, 701 (7th Cir. 2010); *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 182 (4th Cir. 1988).  This right of access insures public confidence and oversight, enabling "interested members of the public, including lawyers, journalists, and government officials, to know who's using the courts, to understand judicial decisions, and to monitor the judiciary's performance of its duties."  *Goessel v. Boley In'tl, Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013).  There are exceptions to the public access rule but they are narrow—litigation "must be conducted in public to the maximum extent consistent with respecting trade secrets, the identities of undercover agents, and other facts that should be held in confidence."  *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006), *abrogated on other grounds by RTP LLC v Orix Real Estate Capital, Inc.*, 827 F.3d 689, 692 (7th Cir. 2016).  To make sure these exceptions aren't abused, the parties asking to seal a document must expressly lay out the need for secrecy.  *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545-46 (7th Cir. 2002); *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999).

The parties offer two main reasons for sealing the motion for approval, but both of them fall flat.  They first flag that the settlement agreement contains a confidentiality clause, but the mere fact that the parties agreed to keep matters mum can't alone

override the interest of the public—that kind of hole would render the right to public documents a dead letter. *E.g., Goessel*, **738 F.3d at 833**; *Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Associates*, **800 F.2d 339, 344 (3d Cir. 1986)**; *Miles v. Ruby Tuesday, Inc.*, **799 F. Supp. 2d 618, 624 (E.D. Va. 2011).** Both sides also maintain that they hold "financial and business reasons" for keeping the settlement agreement from public view: the plaintiff's counsel doesn't want defendants in other cases to know his terms for fear they will be used to extricate a lower settlement in the future, and the defendants don't want the word out for fear the settlement amount will be used to get more money in a later case. The rub is that those generalized reasons have been rejected by the Seventh Circuit before, *Goessel*, **738 F.3d at 833**, and either way those interests aren't weighty enough to override the public's interest in knowing that large party Fair Labor Standards Act cases are settled on fair terms. *E.g., Adams v. Bayview Asset Mgmt., LLC*, **11 F. Supp. 3d 474, 477 (E.D. Pa. 2014)**; *Bouzzi v. F & J Pine Restaurant, LLC*, **841 F. Supp. 2d 635, 640 (E.D.N.Y. 2012)**; *Miles*, **798 F. Supp. 2d at 624.** The parties cite two unpublished decisions from district courts that allowed Fair Labor Standards Act settlement agreements to be sealed because the parties agreed to it, but the Court doesn't find those decisions all that persuasive—they don't refute the reasoning in *Goessel*, and they don't deal with the authority going the other way.

The parties' offer one more reason for sealing the motion for settlement approval and all of the exhibits to it—they say that the "terms of the settlement bear upon [Home Nursery's] employee timekeeping and pay practices, which are competitively sensitive." It's true that terms revealing trade secrets might themselves be grist for

3

redaction despite the public's interest in seeing documents that are part and parcel of a judicial ruling, but only those trade secrets would be sealable—anything else belongs in the public record.  *Union Oil Co. of California v. Leavell,* **220 F.3d 562, 567-68 (7th Cir. 2000).**  None of the parties to this case have laid out how any specific term in the settlement agreement reveals the trade secrets or highly sensitive information of Home Nursery, and it's doubtful that the entirety of the agreement goes that far.  *Cf. Hargrove v. Ryla Teleservices, Inc.,* **No. 2:11-cv-344, 2013 WL 1897027, at *9 n.10 (E.D. Va. Apr. 12, 2013);** *Swarthout v. Ryla Teleservices, Inc.,* **No. 4:11-cv-21, 2012 WL 5361756, at *3 n.2 (N.D. Ind. Oct. 30, 2012).**  At the end of the day, it's incumbent on the party or parties asking for a seal to justify the breadth of the seal they request, *Baxter International,* **297 F.3d at 545-46**, and the parties' one sentence argument as to sensitive information doesn't clear that hurdle.  The motion to seal (Doc. 63) is **DENIED**.

    **IT IS SO ORDERED.**

    DATED:  September 22, 2016

                                                /s/ **Michael J. Reagan**
                                                **Chief Judge Michael J. Reagan**
                                                **United States District Court**