# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MIGUEL GONZALES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 14-cv-1140-MJR-DGW** |
| | ) | |
| **HOME NURSERY, INC. and** | ) | |
| **ANN TOSOVSKY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER APPROVING
## FLSA COLLECTIVE ACTION SETTLEMENT

REAGAN, Chief Judge:

On September 30, 2015, the Court granted conditional certification of Plaintiffs' FLSA collective action (Doc. 36). A form of notice to employees of the defendants who were potentially eligible to join the collective action was approved on October 5, 2015, (Doc. 39) and the collective action now has twenty plaintiffs. (*See* Doc. 65, p. 4). The parties filed a stipulation of dismissal on August 25, 2016, in which they notified the Court that they had reached an agreed upon settlement. Rather than dismissing the collective action at that time, the Court directed the parties to file a motion for approval of their settlement (Doc. 57). Plaintiffs' Unopposed Motion to Approve FLSA Settlement (Doc. 65) is now before the Court. Having fully and carefully reviewed the motion and supporting documentation, the Court finds that the parties' proposed resolution was negotiated at arm's length and is a fair, reasonable, and adequate resolution of a *bona fide* dispute in contested litigation. The settlement is a

1

good compromise that represents a fair middle ground and that will allow the parties to avoid protracted and costly litigation. Accordingly, the Court approves the proposed settlement, and the unopposed motion (Doc. 65) is **GRANTED**.  In addition, the Court makes the following findings and conclusions:

1.   The Court has subject matter jurisdiction over this matter pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331;

2.   The Court has considered and applied the factors set forth in *Synfuel Technologies, Inc. v. DHL Express, Inc.*, **463 F.3d 646, 653 (7th Cir. 2006)** and *Isby v. Bayh*, **75 F.3d 1191, 1198-99 (7th Cir. 1996)** and concludes that the settlement is fair, reasonable, and adequate;

3.   The Court finds that the parties' settlement distribution formula is fair, adequate, and reasonable as to the named plaintiff and as to the collective action class members;

4.   The Court approves the specific disbursement and retention amounts agreed to by the parties in the settlement agreement;

5.   The incentive fee for the named plaintiff is appropriate, and the Court approves the incentive award provided for in the settlement agreement;

6.   The request for attorney's fees for class counsel is reasonable, customary, and consistent with prevailing case law, and the costs in the amount of $780.46 are appropriate;

7.   Class counsel's request for an award of attorney's fees and costs in the amount of $42,447.13 is approved;

8.   The Court permanently enjoins all members of the collective action class from prosecuting or filing any claims against Defendants that were subject to the parties' release in this action;

9.   The Court directs that the parties shall timely consummate the terms and provisions of the settlement; and

10. The defendants' remaining role in this litigation shall be to duly perform the duties and obligations expressly made in the parties' settlement agreement.

This action is **DISMISSED** on the merits and with prejudice. The Clerk of Court shall enter judgment.

**IT IS SO ORDERED**.

DATED: April 14, 2017

_s/ Michael J. Reagan_
MICHAEL J. REAGAN
**Chief Judge**
**United States District Court**